UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 12-233 (DWF/TNL) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Christopher Sean Daniels, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Christopher Sean Daniels's *pro se* motions for compassionate release. (Doc. Nos. 151, 154.)[1] The United States of America (the "Government") opposes the motions. (Doc. No. 166.) Daniels also filed a *pro se* motion to amend his motions for compassionate release, in which he asks the Court to consider his new medication records. (Doc. No. 171.) The Court construes this as a motion to supplement the record. The Court grants that request and considers the new medication records below. However, for the reasons discussed below, the Court respectfully denies Daniels's motions for compassionate release.

## BACKGROUND

Daniels was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). (Doc. No. 1.) Following a jury trial, Daniels was found

---

[1] The Court notes that Daniels's motions are almost identical. For the sake of brevity, the Court only cites to Daniels's second motion at Docket Entry Number 154.

guilty of that charge on April 10, 2013.  (Doc. No. 63.)  On November 1, 2013, this Court sentenced Daniels to a 204-month term of imprisonment to be followed by a five-year term of supervised release.  (Doc. No. 78.)  Daniels is currently incarcerated at FCI Pekin with an anticipated release date of February 27, 2027.  *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Apr. 14, 2025).

Daniels previously moved for compassionate release on August 24, 2020, due to the COVID-19 pandemic and his underlying health concerns.  (Doc. No. 125.)  The Court denied that motion on February 24, 2021.  (Doc. No. 138.)  Daniels now moves for compassionate release a second time, arguing that:  (1) his medical circumstances warrant release; (2) his conviction is invalid following the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022); and (3) he has an unusually long sentence and would not receive the armed career criminal sentencing enhancement if sentenced today.  (Doc. No. 154 at 4-7, 11-17.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  These reasons include:  (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence.  U.S.S.G. § 1B1.13(b).

If "extraordinary and compelling reasons" exist, a sentencing reduction is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." *Id.* § 1B1.13(a). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that they are eligible for compassionate release. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentencing reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentencing reduction only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Daniels sent a request for compassionate release to his warden on November 9, 2023, which was denied on December 5, 2023. (Doc. No. 151-1 at 6; Doc. No. 154 at 3.) Therefore, the Court finds that Daniels's motions are properly before it. The Court addresses each of Daniels's supporting arguments in turn.

I.   **Medical Circumstances**

Daniels first argues for compassionate release based on medical circumstances, including his asthma, COVID-19, and RSV concerns. (Doc. No. 151 at 1; Doc. No. 154 at 4-7.) The medical circumstances category of the Policy Statement includes terminal

3

illnesses, a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," a condition that "requires long-term or specialized medical care that is not being provided," and defendants that are at an increased risk of severe medical complications or death due to an ongoing outbreak of infectious disease or public health emergency. U.S.S.G. § 1B1.13(b)(1).

Daniels's asthma, while a real, chronic condition, does not satisfy any of these four standards. First, his asthma alone is not an extraordinary or compelling reason. Asthma is not a terminal illness, and Daniels has not made any showing that asthma substantially diminishes his ability to provide self-care in a correctional facility nor that he requires any long-term or specialized care that is not being provided. Rather, his prison medical records describe his asthma as "well controlled." (Doc. No. 167 at 2.) He has been prescribed an albuterol inhaler for use one to three times per week, "usually with exercise." (*Id.*) Additionally, he was prescribed mometasone inhalation powder, also known as Asmanex, in February 2025. (Doc. No. 171 at 1; Doc. No. 171-1 at 4.) These prescriptions do not show that Daniels's asthma renders him unable to provide self-care or that his condition is not being treated. In fact, they tend to show the opposite.

Second, while Daniels's asthma may be a condition that increases susceptibility to respiratory diseases like COVID-19 and RSV, Daniels's asthma does not rise to the level required for early release. Asthma is a condition that can potentially increase the severity of a COVID-19 or RSV infection. *COVID-19 (Coronavirus Disease), Asthma, and Allergies*, Asthma & Allergy Found. of Am., https://aafa.org/asthma/asthma-triggers-causes/respiratory-infections-flu-cold-asthma/covid-19-new-coronavirus (last visited

4

Apr. 14, 2025); *Respiratory Syncytial Virus (RSV)*, Asthma & Allergy Found. Of Am., https://aafa.org/asthma/asthma-triggers-causes/respiratory-infections-flu-cold-asthma/respiratory-syncytial-virus-rsv (last visited Apr. 14, 2025). However, Daniels's medical records indicate that his condition is under control, and he is not actively dealing with symptoms from his asthma. *Compare United States v. Alvarado*, 462 F. Supp. 3d 948, 950-51 (D. Minn. 2020) (finding extraordinary and compelling medical reasons where defendant prescribed inhaler to treat "coughing, wheezing, or shortness of breath" every four hours), *with United States v. Robinson*, No. 17-cr-318, 2020 WL 4463363, at *6 (D. Minn. Aug. 4, 2020) (distinguishing *Alvarado* due to lack of documented "coughing, wheezing, or shortness of breath" in that case). Moreover, there is no evidence of an ongoing outbreak of COVID-19 or RSV at FCI Pekin, nor is there any ongoing public health emergency for either of these viruses.

## II. Change in Law Post-*Bruen*

Daniels next argues that extraordinary and compelling reasons exist due to a change in law following the Supreme Court's holding in *Bruen*. (Doc. No. 154 at 11.) Daniels claims that 18 U.S.C. § 922(g)(1) was declared unconstitutional in *Bruen* because it violates the Second and Fourteenth Amendments, which protect an "individual's right to carry a handgun for self-defense outside the home." (*Id.*) That claim is false. Further, a motion for compassionate release is not the proper vehicle for this kind of argument.

To start, *Bruen* did not address the constitutionality of § 922(g)(1). Instead, it addressed a New York state law that required concealed carry permit applicants to demonstrate "proper cause" to obtain a license. *Bruen*, 597 U.S. at 12, 46. In doing so,

5

the Court articulated a new test for determining whether firearm regulations are constitutional under the Second Amendment. *See id.* at 19. Nowhere in the opinion did the Court address the constitutionality of § 922(g)(1). In fact, the Eighth Circuit recently held that § 922(g)(1) is constitutional under the standard articulated in *Bruen*. *United States v. Jackson*, 110 F.4th 1120, 1129 (8th Cir. 2024). Moreover, a motion for compassionate release is not the proper vehicle through which to challenge his conviction. Any motion for compassionate release that instead challenges the validity of the defendant's conviction or sentence itself must be brought under 28 U.S.C. § 2255. *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020).

### III. Unusually Long Sentence: Armed Career Criminal Designation

Lastly, Daniels argues that he qualifies for compassionate release based on an unusually long sentence under U.S.S.G. § 1B1.13(b)(6).[2] (Doc. No. 154 at 13-17.) Under § 1B1.13(b)(6), a defendant may qualify for compassionate release if: (1) they received an unusually long sentence; (2) they have served at least 10 years of that sentence; and (3) there has been a change in the law that would produce a gross disparity between the sentence the defendant is serving and the sentence likely to be imposed at the

---

[2]   The Court notes that there is an ongoing debate about the validity of § 1B1.13(b)(6). *See, e.g.*, *United States v. Reese*, 735 F. Supp. 3d 1094, 1099 (D. Minn. 2024). Indeed, this validity question is currently before the Eighth Circuit in *United States v. Loggins*, Appeal No. 24-1488, and *United States v. Crandall*, Appeal No. 24-1569. Because the Court ultimately finds that Daniels's § 1B1.13(b)(6) argument fails on the merits, the Court does not address the section's validity and likewise denies the Government's request to stay the case pending the Eighth Circuit's decision in *Loggins* and *Crandall*.

time the motion is filed, after considering the defendant's individualized circumstances. Daniels fails to meet two of those requirements.

First, his sentence is not "unusually long." Daniels's prison term of 204 months was well below the applicable guideline range, which was 262 to 327 months. (Doc. No. 72 at 1; Doc. No. 78 at 1.) Thus, Daniels is not serving an unusually long sentence. *See, e.g.*, *United States v. Huerta-Gonzalez*, No. 16-cr-319, 2024 WL 2411483, at *1 (D. Minn. May 23, 2024) (holding that a sentence was not unusually long because it was "below [the] applicable sentencing guideline range").

Second, Daniels did not demonstrate a change in the law that would create a "gross disparity" between his original sentence and the likely sentence that would be imposed if the case was argued at the time his motion was filed. The Government contends that Daniels's applicable guideline range would be 168 to 210 months if he were sentenced today. (Doc. No. 166 at 2.) The difference between the sentence he received and the lowest possible sentence in that "new" range is 36 months, or three years. Three years is not a "gross disparity." *See, e.g.*, *United States v. Douglas*, No. 11-cr-0324, 2024 WL 2513646, at *2 (D. Minn. May 24, 2024) (finding that a five-year difference is not a gross disparity); *United States v. Miller*, No. 09-cr-1, 2024 WL 476879, at *5 (E.D.N.C. Feb. 7, 2024) (finding that a 24-month difference is not a gross disparity). Some courts in other circuits have found that differences of three years or less can constitute a gross disparity. *See Douglas*, 2024 WL 2513646, at *2 (discussing courts that found differences as low as 21 months to be a gross disparity). The Court is not persuaded by those few outliers.

7

In conclusion, Daniels has not alleged any extraordinary or compelling reasons that warrant compassionate release.

Because the Court concludes that Daniels has failed to show extraordinary and compelling circumstances that would allow compassionate release, the Court need not address § 3553(a) factors or whether Daniels poses a danger to the community.

The Court commends Daniels for the work he has done to better himself while incarcerated. The Court hopes he will continue down this path.

### ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Defendant Christopher Sean Daniels's motion to amend (Doc. No. [171]), which the Court views as a motion to supplement the record, is **GRANTED**.

2. Defendant Christopher Sean Daniels's motion for compassionate release from custody (Doc. No. [151]) is **DENIED**.

3. Defendant Christopher Sean Daniels's motion for compassionate release from custody (Doc. No. [154]) is **DENIED**.

Dated: April 16, 2025                           s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge